Grafton,
June, 1894.

MORSE *v.* GLOVER.

If A's cattle, escaping from his pasture into B's adjoining field through B's insufficient fence, are by B turned into a highway at a point where no fence intervenes between it and a railroad, and, straying thence upon the railroad, are killed by a locomotive, B is liable for their loss.

CASE, for killing the plaintiff's ox. Facts found by a referee. The plaintiff's ox and three of his other cattle strayed from his pasture to the defendant's adjoining field through the defendant's insufficient fence. Afterwards, the defendant in attempting to drive the cattle home left the ox in the highway, where it wandered upon a railroad track, and was killed by a locomotive under circumstances disclosed in the opinion. The plaintiff moves for leave to amend his declaration by filing a count in trespass.

*Smith & Sloane,* for the plaintiff.

*William F. Westgate* and *Bingham, Mitchell & Batchellor,* for the defendant.

WALLACE, J. The plaintiff's cattle, including the ox in question, came on the defendant's land in consequence of the defendant's neglect to keep in repair his portion of the division fence, and without any fault of the plaintiff. When the defendant found them under those circumstances, it was his duty

to drive them back into the plaintiff's pasture. Instead, he drove the cattle into his barnyard and kept them for about six hours, and then attempted without assistance to drive them to the plaintiff's house; and in following some of the cattle which escaped into a wood, he abandoned the ox in the highway where for some distance it ran parallel with a railroad with no intervening barrier, and the ox strayed upon the railroad track and was killed. None of these acts were necessary to the performance of the defendant's duty of returning the ox to the plaintiff's pasture. The defendant, in all he did after he drove the cattle out of his own enclosure, was a wrongdoer. The death of the ox is legally attributable to. the wrongful acts of the defendant. *Carruthers* v. *Hollis*, 8 Ad. & El. 113; *Morse* v. *Railroad*, 66 N. H. 148.

It having been determined that the defendant is liable in some form of action, it is not a question of any particular importance whether he is liable in case or trespass. If upon examination it were found that case could not be maintained, the plaintiff would be allowed to amend by filing a count in trespass. *Peaslee* v. *Dudley*, 63 N. H. 220; *Gage* v. *Gage*, 66 N. H. 282, 296. When such an amendment is made, he will be entitled to judgment.

*Case discharged.*

All concurred.